# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY BROWN AND MONIQUE BROWN, ET AL | CIVIL ACTION |
| VERSUS | NO: 09-2813 |
| JACK STRAIN, JR., ET AL | SECTION: "C" (5) |

## ORDER AND REASONS

Before the Court is a Motion in Limine by defendants Rodney J. Strain, Jr., Brian Steinert, Wayne Wicker, and Julie Boynton. The motion is before the court on the briefs, without oral argument. Having reviewed the record, memoranda of counsel, and the law, the Court GRANTS the motion IN PART and DENIES the motion IN PART for the following reasons.

## I. Law and Analysis

Defendants move to exclude the expert testimony of W. Lloyd Grafton ("Grafton"), identified by the plaintiffs as an expert on police policy and procedure, under Federal Rules of Evidence 702 and 704. (Rec. Doc. 30-1 at 2). Rule 702 reads:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrill Dow Pharmaceuticals*, 509 U.S. 579 (1993), the Supreme Court held that Rule 702 requires that the trial judge insure "that an expert's testimony rests on reliable foundation and that it is relevant to the task at hand." *Id.* at 597. In *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), the high Court clarified that Rule 702 applies to technical analyses, not merely scientific analyses. *Id.* at 158. The party offering the evidence has the burden of proving its admissibility. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

In this case, the defendants argue that the proposed testimony will not assist the trier of fact and contains improper "broad, conclusory statements." (Rec. Doc. 30-1 at 4). Plaintiffs respond that Grafton, who has 21 years of experience as an Associate Professor of Criminal Justice and 23 years of experience as a U.S. Special Agent, can properly testify about police policies and procedures. The Court agrees as to the majority of Grafton's report. In his report, Grafton explains the policies and procedures of the St. Tammany Parish Sheriff's Office, and applies those policies to the facts at hand through the lens of his long experience. Such testimony is relevant to the instant dispute.

However, the Court finds some of the objections proper, and will exclude those statements accordingly. Defendants' objected-to statements and the Court's resolutions are as follows.

    1. Grafton's statement that Deputy Steinart's "actions may also have been the results of inadequate supervision and training" (Rec. Doc. 30-2 at 3): This is speculative and is excluded.

    2. Grafton's statements that "[i]t would appear the deputies knew or should have known

that Mr. Brown had an imminent need for medical assistance for a prolonged unreasonable period of time" before acting and that Mr. Brown's medical condition was "known" to Deputy Steinart (Rec. Doc. 30-2 at 3): The Court agrees that this testimony consists of factual conclusions that are the province of the jury. It is therefore inadmissible as testimony.

3. Grafton's statement that a "thorough search was not conducted by the deputies present when the arrest was made" (Rec. Doc. 30-2 at 4): In context, this comment explains Grafton's conclusions regarding St. Tammany Parish Office guidelines regarding prisoner searches. It is admissible.

4. Grafton's statement that the "failure to obtain medical care is below the standard of law enforcement" (Rec. Doc. 30-2 at 5): Again, the comment is in the context of explaining a specific Sheriff Department policy, and is appropriate.

5. Grafton's statement that "Policy and procedures for dealing with a drug overdose was in place in the St. Tammany Parish Sheriff's Office, but it was not followed" and that "[b]y delaying medical treatment to Anthony Brown, it violated his right to proper medical care" (Rec. Doc. 30-2 at 6): The Court holds that the first sentence is an explanation of the Sheriff's Office policy, and is appropriate. The second, however, is a legal conclusion that is not admissible.

6. Grafton's statement that "[f]rom all I know and have reviewed concerning this matter, it would appear Anthony Brown did not receive proper care" and that "the deputies involved performed below the standards set for trained law enforcement officers who are sworn to protect and serve" (Rec. Doc. 30-2 at 6): These sentences are introductory, and

3

are supported by the subsequent sentences that detail the reasons for Grafton's conclusions regarding the medical staff's response to Brown's condition. The statements are admissible.

Finally, Defendants complain about the use of the words "deliberate" and "reasonable" throughout the report. (Rec. Doc. 30-1 at 6, 9). They cite in support not only Rule 702, but also Rule 704, which prohibits conclusions of law, (Rec. Doc. 30-1 at 6) as well as numerous cases from this circuit and others. (Rec. Doc. 30-1 at 7-8). The Court agrees that whether the actions of the officers at issue were deliberate is a factual conclusion that must be decided by the jury. Those statements must be stricken. The Court can find only a single reference to "reasonablness: in the report: Grafton's conclusion that the deputies waited an unreasonably long time before getting assistance for Brown. (Rec. Doc. 30-2 at 4). The Court has already held that this language is inadmissible in item 2, *supra*.

Accordingly,

IT IS ORDERED Defendant's Motion in Limine is DENIED as to the admissibly of Grafton's report and GRANTED as to the specific statements and phrases enumerated above.

New Orleans, Louisiana, this 31th day of August, 2010.

								_____
								**HELEN G. BERRIGAN**
								**UNITED STATES DISTRICT JUDGE**

4